**BEFORE THE UNITED STATES JUDICIAL**
**PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE BABY FOOD MARKETING, SALES PRACTICE AND PRODUCTS LIABILITY LITIGATION** | **MDL No. 2997** |

**PLAINTIFF ASYIA ANDREWS'S RESPONSE-JOINDER IN SUPPORT OF THE MOTION FOR**
**TRANSFER OF THE ACTIONS TO THE EASTERN DISTRICT OF NEW YORK**

Plaintiff Asyia Andrews ("Plaintiff") respectfully submits this response in support of Lori-Anne Albano, Myjorie Philippe, Rebecca Telaro, and Alyssa Rose's (collectively "Albano Plaintiffs") motion to transfer the Related Actions[1] to the United States District Court Eastern District of New York for consolidated or coordinated pretrial proceedings (Dkt. No. 1, the "Motion") pursuant to 28 U.S.C. § 1407 and the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (the "Panel").

## FACTUAL BACKGROUND

To date, over 60 related class actions in more than 12 federal districts have been filed against Defendants.[2]  To that end, the Albano Plaintiffs seek to consolidate the actions and transfer them all to the Eastern District of New York.  At least two other Plaintiff-groups, the "Graces Plaintiffs" and the "Walls Plaintiffs" agree that the Panel should transfer and consolidate the Related Actions in the Eastern District of New York.  *See* Motion*.; Dkt. Nos. 77, 95.[3]

---

[1] "Related Actions" refers to cases filed in the Schedule of Actions accompanying the Motion, as well as any cases subsequently filed involving similar facts or causes of action.  *See* Motion at 2.
[2] "Defendants" refers to the eight baby food manufacturers in the Motion: Beech-Nut Nutrition Company; Campbell Soup Company; Gerber Products Company; Hain Celestial Group, Inc.; North Castle Partners; Nurture, Inc.; Plum, PBC; and Walmart, Inc.
[3] Plaintiff will not repeat many of the arguments raised in the Albano Plaintiffs' Motion, the Graces Plaintiffs' Response-Joinder, and the Walls Plaintiffs' Response-Joinder  and incorporates those arguments by reference herein.

Plaintiff agrees that transfer of the Related Actions to a single forum for consolidated or coordinated pretrial proceedings will further the convenience of the parties and witnesses, will promote efficiency and judicial economy, and will eliminate the possibility of conflicting pretrial rulings.  The Related Actions all stem from Defendants' marketing and sales of baby food contaminated with toxic heavy metals, such as arsenic, lead, mercury, and cadmium, throughout the United States.  These actions all involve overlapping claims and legal issues, and present a common factual basis insofar as they all allege, among other things,  that Defendants' baby food products contained toxic heavy metals; that Defendants' food labeling was false and misleading; that the Plaintiff suffered economic injuries arising from Defendants' wrongful conduct; and that the Plaintiff seeks monetary and equitable relief.  *See* Motion at 3.  These cases present many common questions of fact and substantially identical legal theories—a sufficient basis to satisfy the transfer requirements pursuant to 28 U.S.C. § 1407(a).

Plaintiff also agrees that the Eastern District of New York is the most appropriate transferee jurisdiction for the following reasons:

- The Eastern District of New York is located in New York City, and two surrounding counties—an indisputably convenient location that is readily accessible to litigants and relevant non-parties.

- The Eastern District of New York shares a strong nexus with the case.  Three Defendants are located in New York, more than any other state, one of which, the Hain Celestial Group, Inc, is headquartered in the Eastern District of New York.

- The Eastern District of New York has demonstrated considerable expertise in the management of complex cases and has a relatively low volume of pending MDLs currently before it, making it well-suited to devote the resources necessary to manage this litigation.

For these reasons, and for the reasons set forth below, the Related Actions should be transferred to the Eastern District of New York.

## ARGUMENT

**I.    Consolidation and Transfer Is Appropriate Under 28. U.S.C. § 1407**

The Related Actions should be transferred and consolidated or coordinated for pretrial proceedings pursuant to 28 U.S.C. § 1407(a), which permits transfer and consolidation or coordination of cases that meet three requirements: (1) the cases "involv[e] one or more common questions of fact;" (2) transfer and consolidation or coordination will further "the convenience of parties and witnesses;" and (3) transfer and consolidation or coordination "will promote the just and efficient conduct of [the] actions."  Transfer to and consolidation or coordination of the actions in the Eastern District of New York will satisfy each of these objectives.

> a.   Transfer and Consolidation or Coordination Is Appropriate Because the Related Actions Involve One or More Common Questions of Fact and Law.

The Panel has consistently held that cases involving overlapping factual and legal issues are particularly appropriate for transfer and consolidation or coordination.  *See In re Zoloft (Sertraline Hydrochloride) Prods. Liab. Litig*., 856 F. Supp. 2d 1347, 1348 (J.P.M.L. 2012) (consolidation because related actions "involve common questions of fact"); *Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.,* 528 F. Supp. 2d 1339, 1340 (J.P.M.L. 2007) (same).

Here, the Related Actions share common issues of fact and law, with very similar, if not nearly identical, allegations.  Among the many common factual and legal questions are:

- Whether the Defendants violated consumer protection, or other laws by manufacturing, distributing, and selling baby food products containing toxic heavy metals such as lead, arsenic, mercury, and cadmium;

- Whether the proposed classes should be certified under the Federal Rules of Civil Procedure;

- Whether the conduct of the Defendants caused injury to the Plaintiffs and the members of the classes; and

- The measure and amount of damages sustained by the Plaintiffs and other members of the classes and the scope of any injunctive relief available to them.

Thus, this requirement is easily satisfied, and the Related Actions should be transferred and consolidated or coordinated in one judicial district.

      b. <u>Transfer and Consolidation or Coordination for Pretrial Proceedings Will Further the Convenience of Parties and Witnesses.</u>

Centralization under 28 U.S.C. §1407 is proper when it "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." *In re: Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Pracs. and Prod. Litig*, 2015 WL 3654659, at *1 (J.P.M.L. 2015). Here, the convenience of the parties and witnesses weighs in favor of centralization in a single district. Discovery proceedings in the Related Actions will be essentially identical: the same discovery requests seeking the same documents and data will be served on the same Defendants and third parties across both actions; and the same witnesses, both from the Defendants and third parties, will be called to testify. The sixty-plus cases will follow a similar path during pretrial proceedings, including motions to dismiss and motions for class certification. Unless they are transferred and consolidated or coordinated in one district for pretrial purposes, discovery and pretrial proceedings will be duplicated—and potentially inconsistent—unnecessarily.

Centralization in one district will solve these problems: it will permit the transferee judge to form a single, unified pretrial program that minimizes the inconvenience and overall expense for all parties and witnesses.

      c. <u>Transfer and Consolidation or Coordination for Pretrial Proceedings Will Promote the Just and Efficient Conduct of the Related Actions.</u>

Transfer and consolidation or coordination of the Related Actions for pretrial proceedings

will also "promote the just and efficient conduct of [the] actions" in accordance with the third requirement of § 1407(a).  All the Related Actions will benefit from having a single judge oversee the litigation.  Otherwise, lawyers will have to litigate the same issues dozens of times in several different district courts, and courts will have to oversee and adjudicate identical legal issues.  Consolidation and transfer will therefore conserve the resources of parties, their counsel, and the judiciary.

Transfer and consolidation or coordination is necessary here to avoid these inefficiencies and inconsistencies, and to promote the just and efficient conduct of the Related Actions.

## II.     The Eastern District of New York is the Most Appropriate Transferee Forum

The Eastern District of New York is the most appropriate forum for transfer of the Actions.  The Panel considers a variety of factors when determining the proper venue for transfer and consolidation or coordination. The factors to be assessed include: (1) the location of the parties, witnesses, and documents; (2) the accessibility and convenience of the proposed transferee district to parties and witnesses; (3) the familiarity and expertise of the transferee district with the underlying issues present in the litigation; (4) the respective caseloads of the proposed transferee district courts; and (5) the judge assigned to the case.  *See, e.g., In re Aggrenox Antitrust Litig.*, 11 F. Supp. 3d 1342, 1343 (J.P.M.L. 2014) (selecting transferee forum because it is "both convenient and accessible for the parties and witnesses" and because litigation would be before a "jurist well versed in the nuances of complex and multidistrict litigation").

These factors weigh in favor of transferring the Related Actions to the Eastern District of New York.

a. <u>Defendants, Witnesses, and Evidence Are Located In and Around the Eastern District of New York.</u>

One important factor considered by the Panel is the nexus between 1) the evidence and witnesses relevant to the Related Actions and 2) the location of the MDL proceedings. *See, e.g., In re Municipal Derivatives Antitrust Litig.*, 560 F. Supp. 2d 1386, 1387 (J.P.M.L. 2008) (selecting the transferee forum because "relevant documents and witnesses are likely to be found there"). Here, there is a strong nexus between the parties, the evidence, and the Eastern District of New York. Potential witnesses and evidence are likely located within or near the Eastern District of New York because three of the eight Defendants (Beech-Nut Nutrition Corporation, Hain Celestial Group, Inc., and Nurture, Inc.) are headquartered in the state of New York. Additionally, one Defendant (Hain Celestial Group, Inc.) is headquartered in the Eastern District of New York. Moreover, two of the eight Defendants (Campbell Soup Company and North Castle Partners (d/b/a Sprout Foods, Inc.)) are headquartered in neighboring states, New Jersey and Connecticut. Thus, five of the eight Defendants are headquartered in New York or within 100 miles of the Eastern District. The Eastern District of New York is therefore close to relevant witnesses and evidence, given the nearby location of five of the eight Defendants.

b. <u>The Eastern District of New York Is the Most Suitable and Convenient Forum for the Related Actions.</u>

The Eastern District of New York is a central and easily accessible location for all parties in the Related Actions, a factor the Panel has given weight to in choosing a transferee forum. *See In re Pamidronate Prod. Liab. Litig.*, 657 F. Supp. 2d 1368, 1369 (J.P.M.L. 2009) (selecting the Eastern District of New York as an appropriate transferee district because it provides "an accessible metropolitan forum"); *In re Initial Public Offering (IPO) Secs. Litig.,* 277 F. Supp. 2d 1375, 1377 (J.P.M.L. 2003) (selecting transferee district because it "is conveniently located for many parties and witnesses" in the litigation). The Eastern District of New York is serviced by

three major airports and a multitude of rail, light rail, and rapid transit systems.  New York also offers an abundance of hotels, taxis, and car rental agencies.  These options make the Eastern District of New York particularly accessible for all parties in the Related Actions, as well as their counsel, witnesses, and relevant non-parties.

       c.   <u>The Eastern District of New York Has the Required Experience and Resources to Adjudicate the Related Actions, as well as Expertise in Consumer Class Actions.</u>

Another factor that the Panel considers is the experience of a potential transferee forum in managing multidistrict litigation.  *See In re Sprint Premium Data Plan Mktg. & Sales Practices Litig.*, 777 F. Supp. 2d 1349, 1351 (J.P.M.L. 2011) (deciding to centralize in a district that had "a great deal of experience serving as a transferee court").  The Eastern District of New York has handled numerous complex MDL and non-MDL class actions.  *See, e.g., In re HSBC Bank USA, N.A., Debit Card Overdraft Fee Litig.*, 949 F. Supp. 2d 1358, 1359 (J.P.M.L. 2013) (transferring to the Eastern District of New York and citing the District's convenience, "capacity to manage th[e] litigation," and judges "with experience presiding over multidistrict litigation"); *In re Vitamin C Antitrust Litig.*, 416 F. Supp. 2d 1352, 1353 (J.P.M.L. 2006) ("[C]entralization in [the Eastern District of New York] allows the Panel to assign this litigation to an available transferee judge with prior, successful experience in the management of Section 1407 litigation.");  *In re Zyprxa Prods. Liab.*, 314 F. Supp. 2d 1380, 1382 (J.P.M.L. 2004) (transferring to the Eastern District of New York because it would permit "assignment to an experienced transferee judge who can steer th[e] litigation on a steady and expeditious course"); *In re Tamoxifen Citrate Antitrust Litig.*, 196 F. Supp. 2d 1371, 1373 (J.P.M.L. 2001) (explaining that the Eastern District of New York was the appropriate forum, in part because of the "range of locations of parties and witnesses" and that the District had "the resources that [the] docket [was] likely to require").

The Eastern District of New York clearly has specialized, extensive, and proven experience handling complex class action litigation.

       d.   <u>The Eastern District of New York Is Not Overburdened with Multidistrict Litigation.</u>

The MDL Panel also considers how well-suited the proposed transferee district is to manage the litigation at a steady and expeditious pace. *See In re Gator Corp. Software Trademark & Copyright Litig.*, 259 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003) (transferring to a forum that "is not currently overtaxed with other multidistrict dockets"). Presently, the Eastern District of New York has only five MDLs among the 28 district judges.[4] Because of the relatively light MDL caseload currently before the Eastern District of New York, it is a favorable district for transfer and consolidation or coordination.

       e.   <u>The Recommended Judges are All Experienced Jurists and Will Effectively and Efficiently Manage this Litigation.</u>

Several judges have been suggested by the other filings. The Albano Plaintiffs argue in support of transfer to the docket of Judge Joanna Seybert. *See* Motion at 16. The Graces Plaintiffs argue in support of transfer to the docket of Chief Judge Margo K. Brodie. *See* Dkt. No. 77 at 4. The Walls Plaintiffs argues in support of transfer to Judge Diane Gujarati. *See* Dkt. No. 95 at 3. Judge Gary R. Brown is currently presiding over this case. All are highly qualified and well-respected jurists who would effectively and efficiently manage this litigation.

## **CONCLUSION**

For the reasons detailed herein, Plaintiff respectfully requests that the Panel transfer the Actions for coordinated or consolidated pretrial proceedings in the United States District Court for the Eastern District of New York.

---

[4] Judicial Panel on Multidistrict Litigation, MDL Statistics Report – Distribution of Pending MDL Dockets by District (March 15, 2021), available at
https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-March-15-2021.pdf.

Dated: April 13, 2021

LABATON SUCHAROW LLP

By:  /s/ Michael P. Canty
Michael P. Canty
140 Broadway
New York, NY 10005
Telephone: 212.907.0700
Facsimile: 212.818.0477
Email: mcanty@labaton.com

*Attorney for Plaintiff Asyia Andrews*